*Little & Slack, W. N. Sweeney,* for appellee.

---

O. H. PERRY *v.* A. TORIAN.

[Abstract Kentucky Law Reporter, Vol. 5—427.]

**Sale Under Decree Foreclosing Mortgage.**

Where a commissioner is appointed to sell land under a foreclosure of a mortgage and is ordered to have the land surveyed and platted and to sell the tracts separately as platted, the court not designating the order in which said platted tracts are to be offered for sale, the commissioner may use his own discretion as to the part of the land to be first offered for sale.

**Commissioner's Charges.**

When the commissioner who is appointed to and does make a sale of real estate is not a party to an appeal, the question whether the allowance made for his services is too high can not be considered.

## APPEAL FROM GRAVES CIRCUIT COURT.

### November 13, 1883.

OPINION BY JUDGE LEWIS:

This action was brought by appellee in 1876 to recover judgment on a promissory note given to him by appellant and to subject to the payment thereof certain parcels of land described in the mortgage executed to secure the debt. Judgment was rendered for the debt and sale of the land, but it was afterwards reversed by this court and the sale made under it set aside.

Upon the return of the case to the lower court the appellee filed an amended petition, alleging amongst other things that in 1874 there issued executions fieri facias against appellant that were levied on the land described in the mortgage and which was sold, one Ballinger becoming the purchaser, who afterwards sold and transferred his interest in the land to appellee. It was further alleged in the amended petition that by commissioners duly appointed by the sheriff for the purpose, a homestead was set apart to appellant as provided in such cases by law.

The general demurrer to the answer of appellant was sustained and judgment rendered subjecting the land to sale for the satisfaction of the mortgage debt and of the amount bid by Ballinger at the execution sale. Appellant did not in his answer, nor does he here, controvert the justice of the mortgage debt or the right of appellee to recover the amount bid at the execution sale, which was applied to the payment of his debts and of which he got the benefit. By the judgment now appealed from the homestead consisting of twenty acres, including the dwelling-house and appurtenances, was exempted from sale.

But it is made a ground of error that the court failed to quash the report of the surveyor, Jenkins, appointed by the court to ascertain and report by metes and bounds the homestead previously set apart by the commissioners appointed by the sheriff. The order of the court directed Jenkins to survey the homestead of appellant as laid off to him by the commissioners. But it appears from a literal reading of his report that he, the surveyor, misconceived the order of court and assigned a certain boundary of land as a homestead without reference to the action of the commissioners. But it is made

manifest from comparing the description given by the commissioners with the plat and survey made by the surveyors that they are identical as to quantity and location of the homestead, the only difference being that the first is a general description but one easily made certain, while the other is described by metes and bounds. But whatever error may have been made by the surveyor, appellant does not complain of the quantity, location or value of the homestead set apart and exempted from sale under the judgment.

Whether the sale made by the sheriff was improper or irregular is not now material, because the judgment rendered in this case subjects the land to the payment of the debts due by appellant as if there had been no sale under execution, the amount bid at the sheriff's sale and of which appellant got the benefit being one of such debts. If appellee, who now has whatever right or interest the purchaser at the sheriff's sale acquired, is willing the land be sold under this judgment we do not perceive how appellant is prejudiced.

It appears that before the judgment was rendered upon the motion of appellant, Jenkins, the surveyor, was by order directed to lay off the land into lots such as in his opinion would be most advantageous to the parties. In the judgment the commissioner was directed to sell said lands in separate lots as laid off and designated in the reports and plats of Jenkins filed in the case, or to sell so many of said separate lots as might be necessary to raise the sum before mentioned in the judgment.

We do not think the court erred in failing to designate the order in which said lots or parcels should be sold by the commissioner, or which was to be left unsold in case less than the whole quantity sufficed to satisfy the judgment. Obviously the commissioner, who has the opportunity and is presumed to be acquainted with the quality and situation of the land at the time the sale is made, should be left with discretion as to the part of the land to be first offered for sale, and it has been so held by this court. *Vanbussum v. Maloney,* 2 Metc. (Ky.) 550.

The lands having been sufficiently described in the judgment it was not indispensable that the boundary of the lots laid off by Jenkins or of the homestead should be set out in the judgment. The commissioner who made the sale under the judgment not being a party to this appeal the question whether the allowance made for his services is too high can not be considered.

Judgment *affirmed.*
*L. Anderson,* for appellant.
*W. W. Tice,* for appellee.

